Zhang v. Sessions

BIA
Poczter, IJ
A206 059 867

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20ᵗʰ day of December, two thousand seventeen.

PRESENT:
>    DENNIS JACOBS,
>    PETER W. HALL,
>    DEBRA ANN LIVINGSTON,
>        *Circuit Judges.*

_____

TAO ZHANG,
>        *Petitioner,*

>    v.                                            16-2740
>                                                  NAC
JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:            Gary J. Yerman, New York, NY.

FOR RESPONDENT:            Chad A. Readler, Acting Assistant
                           Attorney General; Cindy S. Ferrier,
                           Assistant Director; Tracie N. Jones,
                           Trial Attorney, Office of
                           Immigration Litigation, United
                           States Department of Justice,
                           Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tao Zhang, a native and citizen of the People's Republic of China, seeks review of a July 22, 2016, decision of the BIA, affirming a December 8, 2014, decision of an Immigration Judge ("IJ") denying Zhang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tao Zhang,* No. A206 059 867 (B.I.A. July 22, 2016), *aff'g* No. A206 059 867 (Immig. Ct. N.Y. City Dec. 8, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, the BIA agrees with the IJ's adverse credibility determination and adopts the IJ's reasoning, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's adverse credibility determination for substantial evidence. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008); *see also* 8 U.S.C. § 1252(b)(4)(B).

For asylum applications like Zhang's, governed by the REAL ID Act, the IJ "may rely on *any* inconsistency or omission in

2

making an adverse credibility determination, as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (citing 8 U.S.C. § 1158(b)(1)(B)(iii)). "[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) (internal quotation marks and citation omitted). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Zhang claims that the Chinese government detained and beat him for challenging the taking of his and his parents' property and, ultimately, demolished their home in October 2011. The inconsistencies identified by the IJ are supported by the record and undermine Zhang's narrative and pedigree information. Accordingly, there is substantial evidence to support the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

The inconsistencies identified by the IJ were: (1) whether Zhang left China immediately after the alleged demolition of

3

his and his parents' home or remained for one year in a temporary home; (2) whether his family continued to reside at the allegedly demolished home's address as of March 2013; and (3) inconsistencies concerning the basic facts of Zhang's and his family's life, including whether Zhang's father previously worked for the Chinese government, Zhang's highest level of education, and Zhang's marital status.

The agency was not compelled to credit Zhang's various explanations because they did not resolve the inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Given the multiple inconsistencies, it cannot be said "that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility ruling is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same facts on which Zhang was found not credible. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Although Zhang asserts that the agency ignored an imputed political opinion claim, that claim is based on the same

4

facts, and the adverse credibility ruling is dispositive.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk